IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BRIAN COLE, § | |
|     *Plaintiff*, § | |
| § | |
| VS. § | CIVIL NO. 4:25-CV-063-P |
| § | |
| STATE OF TEXAS INC., et al., § | |
|     *Defendants.* § | |

### ORDER RECOMMENDING DISMISSAL AND RETURNING CASE TO DISTRICT JUDGE

On January 24, 2025, *pro se* Plaintiff Brian Cole filed a Complaint [doc. 1] in the above-styled and numbered cause. On February 21, 2025, the Court ordered Plaintiff to, no later than March 10, 2025, comply with several local rules ("Order to Comply") [doc. 9].[1] Subsequently, on March 10, 2025, Plaintiff filed a Response [doc. 10] which the Court interprets as Plaintiff's deliberate unwillingness to comply with the Court's Order to Comply.[2] Consequently, the Court **RECOMMENDS** that the above-styled and numbered case be **DISMISSED** for failing to comply with the Court's Order to Comply.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's

---

[1] In this order, the Court stated that Plaintiff must "comply with the local rules or file a motion for exemption from the ECF requirements." Additionally, the Court informed Plaintiff that "[f]ailure to comply with this order may result in appropriate sanctions, including dismissal of this case."

[2] While it is difficult to understand Plaintiff's Response beyond what appears to be incoherent ramblings, the Court, nonetheless, interprets these ramblings as Plaintiff's argument for why he will not comply with the Court's Order to Comply. Plaintiff's arguments fall flat and do not constitute "cause [] to be excused from the requirement of electronic filing." *See* Local Rule 5.1(e). Further, Plaintiff was ordered to either comply with the local rules or file a motion to be excused. Here, he did neither.

proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted **until March 25, 2025,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 11, 2025.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE